**Li Qin CHEN, Petitioner,**

v.

**US DEPT. OF JUSTICE, Attorney General Gonzales,\* Respondent.**

**No. 03–40142–AG.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

Bruno Joseph Bembi, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah, Daniel D. Price, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

Present: WALKER, Chief Judge, B.D. PARKER and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be GRANTED, in part, and DISMISSED, in part. The BIA's June 3, 2003, order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Li Qin Chen, a native and citizen of China, petitions this Court for review of the June 3, 2003, order of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ's") denial of Chen's claims for asylum, withholding of deportation, and Convention Against Torture ("CAT") relief. The IJ's decision was based on an adverse credibility finding. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the agency's credibility determinations under the "substantial evidence" standard, deferring to the adjudicator's findings when they are supported by reasonable, substantial, and probative evidence. See Secaida–Rosales v. INS, 331 F.3d 297, 306–07 (2d Cir.2003). Nonetheless, a credibility determination based on flawed reasoning will not withstand review. Id. at 307. When rejecting an applicant's testimony, an IJ must provide "specific, cogent reasons" that are "valid grounds" and "bear a legitimate nexus to the finding." Id. (internal quotation marks omitted).

Chen raises a number of objections to the IJ's identification of factual discrepancies and to the IJ's overall adverse credibility determination. These objections are not without merit.

First, the IJ found inconsistent Chen's testimony regarding the number of people arrested at the August 1989 meeting and whether or not Chen was arrested alone. Analysis of the record, however, indicates that no inconsistency exists between Chen's application and his testimony. Chen stated in his application that "[i]n August 1989 .... [n]ine members [of his organization] were arrested, and [that, on] August 15, 1989, [he] was arrested in Fuzhou." During the hearing, Chen clarified that he, along with seven other members of his organization, fled the meeting when public security officials surrounded the building. Two members were arrested the day of the meeting and the seven who fled, along with Chen, were arrested on later dates. When read in conjunction with each other, Chen's statement in his application and his testimony are clearly not in contradiction. Chen clearly communicated that nine people of his organization were arrested: two of them on the date of the meeting and seven of them on later dates. Nowhere in either Chen's application or his testimony does he state that they were all arrested together at the meeting or that other members besides himself were arrested on August 15, 1989.

Second, the IJ found questionable Chen's omission from his asylum application of a May 1989 incident, described in Chen's testimony, that involved Chen being pulled off a car hood by public security officials and suffering head injuries. This omission, however, cannot alone form the

basis of an adverse credibility determination because it is insubstantial and does not go to the heart of Chen's claim. *See Secaida–Rosales*, 331 F.3d at 308–09. The heart of Chen's claim for asylum is his experience of being beaten and tortured while imprisoned, and his fear of being beaten and tortured upon his return. Chen mentions in his application his involvement in campaigning and demonstrating at numerous events. His failure to mention one particular incident is simply not a sufficient basis on which to conclude that his testimony is not credible. *Id.*

Third, the IJ cited what he determined to be a "relevant and material" inconsistency in Chen's testimony regarding the decision to send twenty students to Beijing in the spring of 1989. The IJ found that Chen failed to testify to this decision in spite of having described it in his written application. In fact, Chen did testify about this decision. Chen noted in his application that he was part of group that formed the headquarters of the student campaign and helped carry out campaign propaganda. As a leader, he sent twenty Fuzhou University students to a demonstration at "Tien En Moon Square" in order to report on the situation in "Peking." In Chen's testimony on June 26, 1997, he stated that he gathered students together because he was a political leader, and "sent about 20 people over to Beijing" in order to "see about the situation in Beijing."

In sum, none of the purported discrepancies on which the IJ's adverse credibility determination rested provide substantial evidence to support that determination. Although the IJ also faulted Chen for not providing corroborating evidence in support of his testimony, it is not clear that the IJ would have reached the same conclusion had it not been for the purported inconsistencies. Certainly, the lack of corroboration, on its own, could not have formed the basis of an adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Finally, although Chen argues that he should have been granted relief under the CAT, he failed to exhaust that claim before the BIA, and so we lack jurisdiction to consider it. *See Theodoropoulos v. INS*, 358 F.3d 162, 168–74 (2d Cir.2004).

For the foregoing reasons, the petition for review is GRANTED, in so far as it challenges the denial of Chen's asylum and withholding claims, and it is DISMISSED, in so far as it challenges the denial of Chen's CAT claim. The BIA's June 3, 2003, order is VACATED, and the case is remanded to the BIA for further proceedings consistent with this decision. Finally, Chen's pending motion for a stay of removal is DENIED as moot.